Treat, C. J. This was a proceeding to enforce a mechanic’s lien, commenced by Harrington against Dawson. The complainant alleged in his bill that, in September, 1847, he was employed by one Robbins, who was the agent of the defendant, to work on a mill, then being erected by the defendant, at the rate of $1 83, per day; and that in pursuance of such contract, he worked on the mill one hundred days, for which there was due him a balance of $143. The defendant alleged in his answer, that Robbins erected the mill for him, for a stipulated compensation ; and he denied, that Robbins was at any time his agent, and that the complainant ever performed any labor on the mill, with his authority or consent. There was a replication to the answer, and a trial before a jury. The complainant introduced a witness, who testified, that complainant’s work on the mill was worth $90; that he was originally employed by Robbins, who had contracted to construct the mill for the defendant; and that the defendant subsequently agreed to see the workmen paid, for what labor they might perform after a specified time, which time the witness could not recollect. On this evidence, the jury returned a verdict in favor of the complainant for $106. The Court overruled a motion to set aside the finding, and rendered judgment for the complainant. The statute provides that “Any person who shall, by contract with the owner of any piece of land or town lot, furnish labor or materials for erecting or repairing any building, or the appurtenances of any building on such land or lot, shall have a hen upon the whole tract of land or town lot, in the manner herein provided, for the amount due to him for such labor or materials.” R. S. ch. 65, §1. The proof did not bring the complainant within this provision. He did not perform-labor on the mill in pursuance of any contract made with the owner. He was employed by Robbins, who had contracted to erect the mill for the defendant. He must, therefore, look to Robbins for compensation, and not to the defendant. Robbins had a lien on the premises, and not those employed by him. The statute only creates a lien in favor of persons performing labor, or providing materials, at the instance of the owner of the property. Its benefits are not extended to those rendering services or furnishing materials on account of the contractor. The undertaking by the defendant to pay for work that should be done after a certain day, cannot avail the complainant, as he failed entirely to show that any part of the services in question were rendered subsequent to that time. The judgment of the Circuit Court must be reversed, and the bill dismissed with costs. Judgment reversed.